## Matter of Ackerman

*Paul E. Allen,* for Commonwealth.

Mook, P. J., August 21, 1961.—Ronald Ackerman was injured in an automobile accident on September 23, 1950, when he was just a little less than seven years old. An action in trespass was brought on his behalf and through the efforts of his attorneys a settlement was secured in the sum of $8,500 which was approved by this court by order dated August 21,

1952. After the payment of doctors and hospital bills and counsel fees there was an approximate balance of $4,300 which was paid to the First National Bank of Meadville which was appointed as his guardian. The bank is still acting in that capacity.

At the time of the accident and for a good many years thereafter, Ronald had been living with his mother, Mrs. Edith Ackerman. Mrs. Ackerman had been deserted by her husband some years before, and she received public assistance for herself and her minor children over a period of several years.

On March 7, 1959, the Commonwealth filed a petition setting forth that it had advanced to Mrs. Ackerman public assistance for the support of her son Ronald from September 12, 1951, to June 25, 1955, in the total sum of $1,305.22, for which it was never reimbursed. The petition further set forth that the Commonwealth, through the Department of Public Assistance, has made demand upon the First National Bank as guardian of Ronald Ackerman for repayment of said sum but that the guardian had refused to pay the same or any part thereof. The Commonwealth, therefore, prayed that the court enter an order requiring the bank, the guardian of said minor, to pay to the Commonwealth the of $1,305.22 granted for the support of said minor. Upon presentation of the foregoing petition, we directed that a rule be granted upon the First National Bank as guardian of the estate of Ronald Ackerman to show cause why the claim of the Commonwealth should not be paid. We directed that a copy of the order be served upon the bank, upon Ronald Ackerman and upon his mother by certified mail at least 10 days before the date fixed for hearing on the petition.

Thereafter a hearing was held on said petition at which time Paul E. Allen appeared on behalf of the Commonwealth and no one appeared for the guardian

or the minor. The testimony of Mrs. Elizabeth B. Jackson, who is a supervisor for the Crawford County Board of Assistance of the Department of Public Welfare, was taken. Mrs. Jackson testified in detail concerning the grants of public assistance paid to Mrs. Ackerman for her son Ronald. We were of the opinion that someone should at least put in an appearance on behalf of the guardian of the minor in order that all of the facts might be determined so we made an order continuing the hearing. The matter rested there for about a year when the Commonwealth made a motion for further hearing which was fixed for June 13, 1960. At this time Mr. George X. Simonetta appeared on behalf of the minor in the nature of amicus curiae and made a brief argument to the court. He indicated that he wished to file a brief on the subject but none has ever been filed. However, in view of the lapse of time, we feel the matter should be disposed of by the entry of an appropriate order.

There seems to be no question that the Commonwealth is entitled to reimbursement for the money advanced to the mother of this minor on his behalf while he had an estate in existence in the hands of a guardian.

The Act of June 24, 1937, P. L. 2045, as amended by the Act of September 26, 1951, P. L. 1455, sec. 2, 62 PS §1974, provides:

"The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted."

Even before the enactment of this statute the Supreme Court had held in the Riever's Estate, 343 Pa. 137, that the Commonwealth was entitled to reimbursement for public assistance granted to a mother of a minor on his behalf out of the minor's own separate estate.

The court said:

"Where the State, under legislative authority, has provided maintenance for an indigent person, and it subsequently appears that the beneficiary has an estate or property of his own, the Commonwealth is entitled to recover from him the moneys expended on his behalf. . . . Its right to repayment is not dependent upon statutory permission, but rests upon the common-law doctrine that 'there is an implied duty on the part of a recipient of public assistance, or his estate, to make reimbursement' . . ."

Thus recovery originally could have been had even out of property acquired by the beneficiary subsequent to his receiving assistance but by the above-mentioned statute it is now limited to property owned by him during the time the assistance was rendered or the right to ownership existed or was acquired during such time.

In the present case, it appears that Ronald was injured on September 23, 1950. Hence, he had a right or cause of action at that time, although the settlement of the action was not secured until August 21, 1952. However, his mother began receiving public assistance for him on September 12, 1951, at which time there was in existence his right or cause of action. The estate, therefore, is liable to the Commonwealth for assistance he received thereafter which, according to the evidence, amounts to $1,305.22. See Lopes Estate, 87 D. & C. 577; Schlottman Estates, 40 Berks 219; Commonwealth v. The County National Bank at Clearfield, 82 D. & C. 92. Accordingly we enter the following

*Order*

And now, August 21, 1961, the First National Bank of Meadville, guardian of Ronald Ackerman, a minor, is hereby authorized, ordered and directed to pay to the Commonwealth the sum of $1,305.22 to reimburse the Commonwealth for public assistance granted to Edith Ackerman, mother of Ronald Ackerman, for the benefit of said minor from September 12, 1951 until June 25, 1955.